Mr. Justice Sharkey
delivered the following opinion.
The only question in this case which I shall notice, and indeed the only one which I think is with the plaintiffs in error, is that which is raised by the plea of Bingaman, the surety in the bond, in which he pleads that Lancaster, the principal, did not take and subscribe the oath required by law to be taken and subscribed by tax collectors before they could discharge their official duty. This plea, I think, constituted a good bar to the action.
The law under which it was framed is in the following words: “ If any assessor and collector of taxes shall presume to execute the duties of his office before he shall have given bond, and taken the oath of office, agreeably to the directions of this act, all such his acts and proceedings done under color of office, shall be absolutely void, and he shall, for such offence, be liable to be indicted for a misdemeanor, and, on conviction thereof, before any court of competent jurisdiction, fined in any sum not exceeding one thousand dollars.” H. & H. & Dig. 102.
This is a provision of the law of 1822, and is found in the Revised Code, 287, sec. 5. The oath which the assessor and collector was thus required to take was the oath prescribed in *593 the former constitution, the form prescribed in the present constitution being a literal copy. Is this law still in force, or has it been repealed by implication, as being repugnant to the present constitution ? It has not been expressly repeal d by subsequent legislation.
The fourth section of the schedule in the constitution provides, that all laws then in force, not repugnant to the constitution, shall continue in force until changed. There is nothing in the form of the oath that is repugnant to the constitution; it is the same now that it was before. Under the former constitution the tax collectors were appointed by the governor, and their duties were then as they are now,- prescribed by the legislature. The mode of appointment is changed; they are now elected by the people. The law of 1833, passed soon after the adoption of the constitution, after providing for the election of the collector, directs that he shall give bond as then required by the existing laws, thus adopting the law of 1822 in this particular, as well as in most others. It cannot be questioned but what the legislature had the power to impose the same duties on tax collectors who might be elected, that they had to prescribe the duties, and regulate the conduct of one who held his office by appointment by the governor. If such power was possessed, it was exercised, and I see nothing in the duty required under this law, or the penalty inflicted for a violation of it, which is repugnant to the constitution. The law does not declare that the officer shall be removed for a violation of it. Where official duties are prescribed by the constitution, the legislature cannot enlarge or abridge them. But when that instrument is silent, except as to the general duty which results from the character of the office, the legislature may prescribe the particular, duties of the officer, not inconsistent with the general character of the duty required by the constitution. The office of collector is not provided for in the constitution at all. He is elected under a provision of the law of 1833, and must in all things be governed by that law, a part of which is above stated. I conclude, then, that this provision has not been repealed.
The single question, then, seems to me to be this; Can the *594 state recover from an officer money which he received, if at all, by an act which is declared to be void, and prohibited under a heavy penalty? I cannot see how she can do so according to the principles of law. She may punish the offender, but cannot reap the profits of the offence. The acts of the officer were absolutely void, and not only so, but in collecting money under color of his office, he committed an offence — a misdemeanor. He was guilty of extortion, and is liable to the individuals from whom he so received money. A void act is considered as though it had not been performed. The bond is but inducement to the action. The collection of the money as taxes is the gist of the action. I understand the principle of law to be, that when a statute prohibits the doing of a thing under a penalty, no action can be predicated on it as a legal act, if it be done. The case of Nares & Pepys v. Rowles, 14 East, 510, was an action on the bond of a revenue officer. Lord Ellenborough said : “Looking at the condition of this bond, as it appears upon the record, I cannot say that if the rates were collected without any authority, the collector could be called upon to pay them over, because he would be answerable to the individuals from whom he received the money, and would be entitled to retain it for his own indemnity.” In this instance the money was not only collected without authority, but in the face of a prohibition.
I am very well aware that the acts of an officer de facto are to be regarded as valid, so long as he remains in office, but they must be such acts as he would be authorized to perform if rightfully in office. But I cannot admit that the acts of an officer, either defacto or dejure, are valid when the law declares them void. “ The statute is like a tyrant, when he comes he makes all void.” It is not at all uncommon for a law to declare, that if an officer do not perform a certain thing in the prescribed mode, his acts shall be void, and they are uniformly held to be so in such cases.
I think, therefore, the judgment should be reversed.
Mr. Justice Thacher having been of counsel in the court below, for the plaintiff in error, gave no opinion.