LEE, P.J.,
 

 for the Court.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. Daniel Webster owned real property at 10162 Seymour Avenue in D’Iberville, Mississippi. The property contained a dilapidated and hazardous structure. After a public hearing on the matter, the City of Dlberville (the City) issued a resolution which authorized cleanup of the structure. Webster began the initial cleanup of the property.
 

 ¶ 2. On February 6, 2001, another public hearing concerning the hazardous structure was held. Webster and his attorney, David Daniels, attended this hearing and gave testimony. The City then issued another resolution requiring Webster to submit architectural and engineering plans indicating how the structure would be repaired or removed.
 

 ¶ 3. On February 26, 2001, Webster entered into a contract to sell the property to Danny McDaniel with KDM Development. On March 21, 2001, Webster conveyed the property to McDaniel via a quitclaim deed, and the deed was properly recorded. The next day, the bank handling the transaction informed Webster that the instrument deposited by McDaniel was fraudulent and would not be honored.
 

 ¶ 4. In April 2001, the City forwarded a letter to McDaniel and Daniels, Webster’s attorney, stating that the required plans had not been submitted, and the City intended to demolish the structure. Shortly after this, Webster filed a request in the Harrison County Chancery Court for emergency injunctive relief seeking to en
 
 *450
 
 join the City from demolishing the structure. A hearing was held, and the chancellor ruled that a temporary restraining order would be granted if Webster, Daniels, or McDaniel posted a $5,000 bond by 5:00 p.m. on May 18, 2001. The bond was never posted. The structure was demolished by the City on May 31, 2001.
 

 ¶ 5. On April 16, 2002, Webster sent a “notice
 
 of
 
 claim” letter to the City’s attorney notifying the City of his intent to file suit. On August 29, 2002, Webster filed a complaint against the City of D’Iberville; the City Council; Mayor and City Council President Rusty Quave; the D’Iberville Planning Commission; and City Manager of D’Iberville Alan Santa Cruz (collectively referred to as “the City”). Webster alleged a violation of the Mississippi Tort Claims Act, trespass, the unlawful exercise of police power, a violation of his constitutional rights, and an unlawful taking without compensation and due process of law.
 

 ¶ 6. The City moved for summary judgment based upon Webster’s failure to comply with the notice of claim provisions in the Mississippi Tort Claims Act, specifically Mississippi Code Annotated section 11-46-11(2) (Rev.2002), and based upon Webster’s purported admission that he had no claims against the City in connection with the demolition of the structure. The trial judge granted the City’s motion for summary judgment. Webster now appeals, asserting that the trial judge erred in granting the City’s motion for summary judgment.
 

 STANDARD OF REVIEW
 

 ¶ 7. In reviewing a trial judge’s grant of summary judgment, this Court employs a de novo standard of review.
 
 Anglado v. Leaf River Forest Prods., Inc.,
 
 716 So.2d 543, 547(¶ 13) (Miss.1998). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). This Court will consider all of the evidence before the trial court in the light most favorable to the non-moving party.
 
 Palmer v. Anderson Infirmary Benevolent Ass’n,
 
 656 So.2d 790, 794 (Miss.1995). The party opposing the motion “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e). The entry of summary judgment is mandated if the non-movant “fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.”
 
 Galloway v. Travelers Ins. Co.,
 
 515 So.2d 678, 684 (Miss.1987). This Court also reviews the proper application of the Mississippi Tort Claims Act de novo.
 
 Id.
 

 DISCUSSION
 

 ¶ 8. In his only issue on appeal, Webster argues that the trial judge erred in granting the City’s motion for summary judgment. Webster contends that his notice of claim was sufficient to meet the notice requirements of section 11 — 46—11(2). Section 11-46-11(2) reads as follows:
 

 Every notice of claim required by subsection (1) of this section shall be in writing, and shall be delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury
 
 *451
 
 occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.
 

 Webster claims that the information contained in the letter forwarded to the City’s attorney meets the substantial compliance test as discussed in
 
 Reaves ex rel. Rouse v. Randall,
 
 97-CA-00982-SCT (Miss. Mar. 26, 1999), and
 
 Carr v. Town of Shubuta,
 
 733 So.2d 261 (Miss.1999). In
 
 Reaves,
 
 the supreme court declared that substantial compliance with the requirements of the notice statute would be sufficient to grant the trial court jurisdiction over the case.
 
 Reaves,
 
 97-CA-00982-SCT at (¶ 10). The court in Carr further defined substantial compliance by stating that substantial compliance was that which “informs the municipality of the claimant’s intent to make a claim and contains sufficient information” to satisfy the purposes of the statute. Carr, 733 So.2d at 263 (¶ 9) (citations omitted). “The determination of substantial compliance is a legal, though fact-sensitive, question and is, therefore, necessarily decided on an ad hoe basis.”
 
 Id.
 
 at 265 (¶ 14).
 

 ¶ 9. However, in
 
 South Central Regional Medical Center v. Guffy,
 
 930 So.2d 1252, 1258 (¶ 19) (Miss.2006), the supreme court ruled that allowing claimants to not comply with any one of the notice factors rendered the concept of substantial compliance “meaningless.” The failure of a claimant to “provide
 
 any
 
 of the seven statutorily required categories of information,” for example, the failure to give a short and plain statement of the facts or to provide the plaintiffs residential address, “falls short of the statutory requirement and amounts to non-compliance with [section] 11-46-11(2).”
 
 Id.
 
 at 1258 (¶ 20). If some information is provided in each of the seven required categories, this Court “must determine whether the information is ‘substantial’ enough to be in compliance with the statute. If it is, the result is ‘compliance,’ not ‘substantial compliance’ with the requirements under [section] 11-46-11(2).”
 
 Id. See also Parker v. Harrison County Bd. of Supervisors,
 
 987 So.2d 435 (Miss.2008).
 

 ¶ 10. In his letter to the City’s attorney, Webster only provides information for two of the required categories, namely the circumstances which brought about the injury and the time and place of the injury. The notice of claim letter fails to provide the extent of the injury suffered, the names of all persons known to be involved, the money damages sought, or Webster’s residential address either at the time of the injury or at the time of filing the notice. Webster admits that his notice contains information only as to some of the required categories, but he argues that, pursuant to
 
 Reaves
 
 and
 
 Carr,
 
 his information amounts to substantial compliance. We disagree and find that Webster has failed to meet the notice requirements of section 11-46-11(2). Thus, we affirm the trial judge’s decision to grant summary judgment for the City.
 

 ¶11. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., MYERS, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.