23 So.3d 575 (2009)
Tequelia T. THOMAS a/k/a Taquelia Travert Thomas, Appellant,
v.
Anthony JONES and Philadelphia Indemnity Insurance Company, Appellees.
No. 2008-CA-00315-COA.
Court of Appeals of Mississippi.
August 4, 2009.
Rehearing Denied December 15, 2009.
*576 Sorie S. Tarawally, Jackson, attorney for appellant.
Anthony Jones, pro se, John Curtis Hall II and Shunda L. Pounders, Jackson, attorneys for appellees.
EN BANC.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Tequelia Thomas began working for Five County Child Development Program, Inc. (Five County), in June 2003 as an operator/driver, providing transportation services for clients to and from work and for their children to and from childcare. On September 7, 2003, Thomas was getting into her work vehicle when she was attacked by her former boyfriend, Anthony Jones. According to Thomas, Jones put a gun to her head, grabbed the keys, and forced her into the vehicle. As Jones drove away, a struggle ensued, and Thomas jumped out of the passenger-side door of the moving vehicle. Thomas ran to a car that was traveling on the same road and tried to enter the vehicle. When she was unable to get into the vehicle, she ran across the street, and Jones intentionally ran over her with the vehicle. Jones was charged with carjacking and attempted kidnapping and was sentenced to fifty-three years' imprisonment.
¶ 2. Thomas suffered multiple injuries from the incident and incurred medical costs of over $200,000. Thomas sought to recover from Philadelphia Indemnity Insurance Company (PIIC), the automobile liability insurer for Five County, under the uninsured motorist coverage policy for the company vehicle. PIIC denied her claim. On September 6, 2006, Thomas filed a complaint in the Circuit Court of Warren County against Jones and PIIC. The complaint alleged a claim of negligence against Jones and claims of breach of contract, unfair claims-handling practices, and bad faith against PIIC.
¶ 3. The parties filed discovery motions and discussed conducting a Rule 30(b)(6) deposition. See M.R.C.P. 30(b)(6). On September 7, 2007, Thomas's counsel filed a document entitled "Re-notice of Rule 30(b)(6) Deposition" with the circuit court, but the identity of the deponent and date of the deposition were left blank for PIIC to decide who would be deposed and where the deposition would be taken. On October 16, 2007, PIIC filed a motion for summary judgment, asserting that Thomas could not recover under the uninsured motorist policy because she was not an insured under the policy. Thomas did not respond. On November 6, 2007, PIIC filed a notice of hearing, setting the hearing on the motion for November 15, 2007. Thomas's attorney stated that he received notice of the hearing on November 12, 2007, as he was leaving for an emergency trip to West Africa. Thomas's counsel faxed a note to counsel for PIIC informing them that he would be out of town and asking that the hearing be rescheduled. He did not give a date for his return.
¶ 4. On November 16, 2007, PIIC's counsel presented the circuit court with an "Agreed Order of Dismissal," asking the circuit court to grant summary judgment in PIIC's favor and to dismiss the action against PIIC with prejudice. The circuit court judge wrote Thomas's counsel a letter notifying him that he would allow him until December 4, 2007, to respond to PIIC's motion before the order of dismissal would become final. Thomas's counsel, *577 however, did not return to the United States until December 5, 2007. On December 6, 2007, Thomas's counsel faxed a letter to the circuit court requesting an additional fifteen days to file a response. The court administrator mailed Thomas's counsel a letter on December 7, 2007, stating that his letter requesting additional time did not constitute a proper pleading and that if he wished to be heard, the proper motion must be filed. The court administrator attempted to fax the letter but got a disconnected message from Thomas's counsel's fax machine, so the letter was mailed.
¶ 5. On December 7, having heard no response from Thomas's counsel, the circuit court entered the order finding that summary judgment was proper and granted the motion to dismiss the action against PIIC with prejudice. Before granting the motion, the judge scratched out the word "Agreed" on the document filed by PIIC entitled "Agreed Order of Dismissal." On December 10, 2007, unaware of the dismissal, Thomas's counsel filed a motion to compel discovery and a motion to deny or stay the motion for summary judgment. On December 17, having become aware of the dismissal, Thomas's counsel filed a motion to set aside the dismissal. Correspondence between Thomas's counsel and PIIC's counsel and the re-notice of the Rule 30(b)(6) deposition were attached to Thomas's motion to set aside the dismissal. Thomas's motion was denied.
¶ 6. Thomas now appeals the order dismissing PIIC as a party, asserting the following issues: (1) the circuit court erred in granting summary judgment; (2) the entry of summary judgment was unduly harsh; and (3) the entry of summary judgment wrongfully foreclosed an inquiry into the assessment of punitive damages against Jones. As these issues all address the issue of whether summary judgment was properly granted, they will be discussed as one issue.

STANDARD OF REVIEW
¶ 7. In reviewing a lower court's grant of summary judgment, this Court employs a de novo standard of review. Anglado v. Leaf River Forest Prods., Inc., 716 So.2d 543, 547(¶ 13) (Miss.1998).

DISCUSSION
¶ 8. Thomas seeks to recover benefits under the uninsured motorist policy with PIIC and argues that summary judgment was inappropriate as material issues of fact existed with regard to her claims. PIIC argues that no genuine issue of material fact exists as to Thomas's claims since: "(1) [Thomas] was not an `insured' under the policy; (2) the accident did not arise out of the `use' of the vehicle; and (3) [Thomas] is specifically excluded from coverage under the policy because she did not have a reasonable belief that she had permission to use the vehicle."
¶ 9. We note that the order, which was drafted by counsel for PIIC and approved by the circuit court, grants summary judgment, but it is entitled "Order of Dismissal." In the order, the circuit court dismissed the action against PIIC with prejudice. However, we find that the proper issue for our review is the motion for summary judgment. Mississippi Rule of Civil Procedure 12(b) states that:
If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given [a] reasonable opportunity to present all material made pertinent to such a motion by Rule 56; however, if on such a *578 motion matters outside the pleadings are not presented, and if the motion is granted, leave to amend shall be granted in accordance with Rule 15(a).
(Emphasis added). Therefore, since the motion required the circuit court to consider matters outside the pleadings, we will only address whether the entry of summary judgment was appropriate.
¶ 10. Mississippi Rule of Civil Procedure 56(c) states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." This Court will consider all of the evidence before the lower court in the light most favorable to the non-moving party. Palmer v. Anderson Infirmary Benevolent Ass'n, 656 So.2d 790, 794 (Miss.1995). Summary judgment is appropriate against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Watson v. Johnson, 848 So.2d 873, 879(¶ 23) (Miss.Ct.App.2002) (quoting Galloway v. Travelers Ins. Co., 515 So.2d 678, 683 (Miss.1987)). "[A]n opponent to a motion for summary judgment `must rebut by producing significant probative evidence showing that there are indeed genuine issues for trial.'" Price v. Purdue Pharma Co., 920 So.2d 479, 485(¶ 16) (Miss.2006) (quoting McMichael v. Nu-Way Steel and Supply, Inc., 563 So.2d 1371, 1375 (Miss. 1990)). However, "even in the absence of a response the court may enter judgment only `if appropriate,' i.e., if no genuine issue of material fact exists." Id. (quoting Foster v. Noel, 715 So.2d 174, 180(¶ 36) (Miss.1998)).
¶ 11. "[B]efore a person is entitled to recover uninsured motorist coverage, they must first prove that they are an insured under the insurance policy or the uninsured motorist statute." Steinwinder v. Aetna Cas. and Sur. Co., 742 So.2d 1150, 1152(¶ 10) (Miss.1999). The Uninsured Motorist Act, codified in Mississippi Code Annotated sections 83-11-101 through XX-XX-XXX (Rev.1999 & Supp.2008), defines "insured" as follows:
The term "insured" shall mean the named insured ... and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies, or the personal representative of any of the above....
Miss.Code Ann. § 83-11-103(b) (Rev. 1999). The insurance policy defines insured as "[a]nyone else `occupying' a covered `auto'" or "[a]ny person who uses a covered `auto' with the Named Insured's expressed or implied consent." The insurance policy further states that "[a]nyone using a vehicle without a reasonable belief that the person is entitled to do so" is not an insured.
¶ 12. PIIC stated in its motion for summary judgment that when Thomas was attacked, she was getting into the company vehicle to run a personal errand, which was not permitted under company policy. Thus, PIIC argues that Thomas was using the vehicle without consent and, therefore, was not an "insured" under the statute. PIIC also asserts that because Thomas's injuries were sustained while she was outside of the covered vehicle, she was not covered by its policy. Thomas, however, asserts that she was an insured because she was a permissive user of the vehicle at all times, not just during work duties. Thomas testified at her deposition that she was given consent by Five County to use *579 the vehicle for personal reasons as long as she paid for the gas necessary for her personal use. Thomas testified that she keeps the vehicle in her possession twenty-four hours a day, seven days a week. She further testified that the vehicle stays at her house when it is not in use.
¶ 13. Thomas testified at her deposition that on the day of the incident, she dropped a client off at Ameristar Casino at 3:00 p.m. After dropping off the client, Thomas went to her mother's house, which was approximately one-fourth of a mile from the Ameristar Casino, to wait until the client got off work. The client was scheduled to get off work at 10:00 p.m., but she called Thomas early to say that she would be getting off work at 6:00 p.m. Thomas stated that she was getting in her car to go pick up the client when she was attacked by Jones. Thomas stated that she was also planning to pick up her sister after getting the client because Thomas's sister served as her back-up driver. Thomas's sister had just started working for the company, and Thomas wanted her to see where the client lived.
¶ 14. The supreme court has held that:
A motion for summary judgment should be overruled unless the trial court finds, beyond any reasonable doubt, that the plaintiff would be unable to prove any facts to support his claim. McFadden v. State, 580 So.2d 1210 (Miss.1991). If facts are in dispute, it is not the province of the trial court to grant summary judgment thereby supplanting a full trial with its ruling.
Pollard v. Sherwin-Williams Co., 955 So.2d 764, 769(¶ 13) (Miss.2007) (quoting Daniels v. GNB, Inc., 629 So.2d 595, 599 (Miss.1993)).
¶ 15. It is apparent from the record that a factual dispute exists as to whether Thomas was an insured at the time of the injury. The question of whether Thomas was a permissive user or an occupant of the vehicle at the time of the attack was clearly not resolved at the time the summary judgment was granted. Since disputed issues exist in this case, we find that the grant of summary judgment was not appropriate.
¶ 16. Therefore, the entry of summary judgment is reversed, and the case is remanded for further proceedings consistent with this opinion, as we find that the motion for summary judgment was erroneously granted.
¶ 17. THE JUDGMENT OF THE WARREN COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., IRVING, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.
GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MYERS, P.J., AND ISHEE, J.
GRIFFIS, J., DISSENTING:
¶ 18. I respectfully dissent. I would affirm the trial court's order that granted Philadelphia Indemnity Insurance Company's ("PIIC") motion for summary judgment. The trial court was justified in granting summary judgment on the basis of the appellant's counsel's failure to attend the hearing and meet the burden of production.
¶ 19. In 2003, Tequelia Thomas got a job with Five County Child Development Program, Inc. ("Five County"). She was hired to drive clients of Five County to and from their jobs and the clients' children *580 to their daycare program. In September 2003, Anthony Jones, Thomas's ex-boyfriend, assaulted her while she was outside of her mother's house. She had driven the company vehicle there while she was waiting for an appointment with a client. In the course of the assault, Jones gained control of the vehicle and ran Thomas over. He is currently serving fifty-three years in prison for carjacking and attempted kidnapping.
¶ 20. Thomas brought suit against PIIC, the underwriter of Five County's insurance policy on the vehicle, alleging breach of contract, unfair claims-handling practices, and bad faith in refusing to pay her claim under the uninsured-motorist clause of the insurance contract. Thomas also named Jones as a defendant under a negligence theory. PIIC raised as its defense that Thomas was not covered under the policy because she was not a permissive user at the time of the assault; she was not an occupant of the vehicle; and the vehicle was not in use for the purposes of the policy but was instead the instrumentality of a crime. The issue was whether Thomas was covered under the policy.
¶ 21. When PIIC filed its motion for summary judgment, Thomas's counsel was en route to Sierra Leone on what he characterized, in his brief, as an emergency trip. Thomas's counsel claimed that he spoke with someonepossibly a secretaryin PIIC's counsel's office by telephone from the airport in Baltimore, Maryland and informed PIIC that he would not be available for the hearing. However, PIIC claims that its only notice was a handwritten fax from Thomas's counsel received seven days after the notice of hearing on the motion was filed. The fax claimed that PIIC should have known of Thomas's counsel's unavailability from the Magnolia Bar Association's list serv online program, which serves as an online bulletin board for the Magnolia Bar's membership.
¶ 22. The trial court, sua sponte, extended Thomas's time to respond to the motion until December 4, 2007. Thomas's counsel re-entered the country on December 5, 2007, apparently unaware that the trial court had issued a deadline to respond and had drafted an order of dismissal based on the uncontested motion for summary judgment. Thomas then perfected this appeal.
¶ 23. On appeal, Thomas argues that the trial court made three points of error in granting PIIC's motion for summary judgment, asserting that: (1) the entry of summary judgment was not appropriate given the fact that the parties were still in pretrial discovery; (2) the entry of summary judgment was an unduly harsh sanction against Thomas and her counsel; and (3) the entry of summary judgment foreclosed the possibility of assessing punitive damages against PIIC. The central claims behind these arguments are that Thomas's counsel's failure to contest the motion for summary judgment was excusable neglect, and there is a genuine issue of material fact over which the parties are in dispute.
¶ 24. Upon a motion for summary judgment, the trial judge may assess whether the non-movant is capable of meeting its burden of production of evidence that will support a reasonable inference that will persuade a finder of fact. The official comment to Mississippi Rule of Civil Procedure 56 states in part:
a summary judgment motion is based on the pleadings and any affidavits, depositions, and other forms of evidence relative to the merits of the challenged claim or defense that are available at the time the motion is made. The movant under Rule 56 is asserting that on the basis of the record as it then exists, there is no *581 genuine issue as to any material fact and that he is entitled to a judgment on the merits as a matter of law.
¶ 25. While the non-movant is free not to respond to a motion, it does so at its own peril, especially if the motion is not manifestly frivolous. O'Cain v. Harvey Freeman and Sons, Inc. of Miss., 603 So.2d 824, 829 (Miss.1991). Once the movant has met its burden of producing supporting depositions, answers to interrogatories, admissions on file, and affidavits that make out the prima facie case that it is entitled to judgment as a matter of law, then the non-movant must respond if it is to defeat the motion and, thus, assumes its own burden of production. Webster v. City of D'Iberville City Council, 6 So.3d 448, 450(¶ 7) (Miss.Ct.App.2009). In meeting its burden of production, the non-movant may not simply rest upon "mere allegations or denials" raised in the pleadings. Id. In addition, the evidence presented must be probative and must be more than a "mere scintilla" of evidence. Murphree v. Federal Ins. Co., 707 So.2d 523 (Miss. 1997). In determining whether an issue of material fact is genuine, the Court, in effect, is deciding whether the evidence is such that "a reasonable jury could return a verdict for the non-moving party." Id. at 529 (quoting Bache v. American Tel. & Tel., 840 F.2d 283, 287 (5th Cir.1988)).
¶ 26. The majority opinion discusses this case on the basis of the de novo standard of review for motions of summary judgment. It notes that a summary judgment may not be appropriate even in the absence of a response by the non-movant if there remains a genuine issue of material fact. The majority concludes that there are several factual issues that remain in dispute: whether Thomas was a permissive user of the vehicle and whether, as the policy requires, she had the reasonable belief that she was an "insured" at the time of the attack. There are also what are probably best described as mixed questions of law and fact, which do not depend on a dispute regarding the actual events but depend on how they apply to Five County's policy, including the theory that, for the purposes of the insurance policy, Jones was an uninsured motorist and that Thomas is entitled to recover from PIIC. PIIC also disputes whether Thomas could be considered to be an occupant of the vehicle, given that she was ultimately struck by the vehicle. Regardless, the ultimate issue is whether Thomas was a permissive user and, therefore, whether her injuries were covered under the insurance policy.
¶ 27. The majority does not address whether the motion for summary judgment was granted on the basis of Thomas's counsel's failure to attend or to give timely notice to the court or the movant of his unavailability. Thomas's counsel claims that his leaving the country on "emergency business" in West Africa was a clear case of excusable neglect that would justify a reversal of the order granting summary judgment. Thomas claims that the grant of summary was essentially a needless punitive act, given the fact that the trial court dismissed the action with prejudice.
¶ 28. The rule in Mississippi is that a trial judge may properly grant a motion for summary judgment if the non-movant has untimely filed its supporting affidavits. Richardson v. APAC-Miss., Inc., 631 So.2d 143 (Miss.1994). There, the plaintiff filed her supporting affidavits on the date of the hearing, which was in contravention of the provision in Rule 56(c) that requires all affidavits must be submitted no later than the date of the hearing. Id. at 147. The supreme court, noting that the plaintiff had failed to make a showing that her untimeliness was due to excusable neglect, ruled that the trial judge had properly *582 struck the affidavits and that the entry of summary judgment was proper. Id.
¶ 29. In this case, the only fact that is in dispute, other than the interpretation of the terms of the policy, is whether Thomas had the reasonable belief that she was a permissive user of the company vehicle in question. None of the parties in this dispute disagree as to the events that led to her injury. The only evidence that Thomas has presented so far that supports her contention that she had the reasonable belief that she was a permissive user is her own deposition testimony. PIIC has contradicted this testimony by citing its own policy and Five County's policy and procedure manual, which it uses to support its argument that Five County's employees are expressly forbidden from using company vehicles for their own purposes.
¶ 30. In addition, Thomas's counsel has not made an affirmative showing that his failure to contest the motion for summary judgment was due to excusable neglect. While he has included proof that he was not in the country, he has not shown the necessity of that journey or whether he was largely out of communication with his office until after the passage of the court-ordered deadline to respond to the motion for summary judgment. All that Thomas's counsel proffers in the way of proof is his representation that the trip was because of a business emergency. Excusable neglect is within the province of the trial court and must be granted for cause shown. In re Will of Smith, 910 So.2d 562, 568(¶ 23) (Miss.2005). Normally, it is granted in circumstances where counsel has shown that the neglect is due to either conflicts in schedule or some pressing personal crisis that has substantially interfered with the ability to represent a client. Thomas's counsel has not successfully advanced any argument to demonstrate excusable neglect; therefore, I find that he has not presented any legitimate reason for failing to meet his burden of production.
¶ 31. As I conclude that the trial judge was correct to grant summary judgment in favor of PIIC, I would affirm.
MYERS, P.J., AND ISHEE, J., JOIN THIS OPINION.