GRIFFIS, J.,
DISSENTING:
¶ 18. I respectfully dissent. I would affirm the trial court’s order that granted Philadelphia Indemnity Insurance Company’s (“PIIC”) motion for summary judgment. The trial court was justified in granting summary judgment on the basis of the appellant’s counsel’s failure to attend the hearing and meet the burden of production.
¶ 19. In 2003, Tequelia Thomas got a job with Five County Child Development Program, Inc. (“Five County”). She was hired to drive clients of Five County to and from their jobs and the clients’ chil *580 dren to their daycare program. In September 2003, Anthony Jones, Thomas’s ex-boyfriend, assaulted her while she was outside of her mother’s house. She had driven the company vehicle there while she was waiting for an appointment with a client. In the course of the assault, Jones gained control of the vehicle and ran Thomas over. He is currently serving fifty-three years in prison for carjacking and attempted kidnapping.
¶ 20. Thomas brought suit against PIIC, the underwriter of Five County’s insurance policy on the vehicle, alleging breach of contract, unfair claims-handling practices, and bad faith in refusing to pay her claim under the uninsured-motorist clause of the insurance contract. Thomas also named Jones as a defendant under a negligence theory. PIIC raised as its defense that Thomas was not covered under the policy because she was not a permissive user at the time of the assault; she was not an occupant of the vehicle; and the vehicle was not in use for the purposes of the policy but was instead the instrumentality of a crime. The issue was whether Thomas was covered under the policy.
¶ 21. When PIIC filed its motion for summary judgment, Thomas’s counsel was en route to Sierra Leone on what he characterized, in his brief, as an emergency trip. Thomas’s counsel claimed that he spoke with someone — possibly a secretary — in PIIC’s counsel’s office by telephone from the airport in Baltimore, Maryland and informed PIIC that he would not be available for the hearing. However, PIIC claims that its only notice was a handwritten fax from Thomas’s counsel received seven days after the notice of hearing on the motion was filed. The fax claimed that PIIC should have known of Thomas’s counsel’s unavailability from the Magnolia Bar Association’s list serv online program, which serves as an online bulletin board for the Magnolia Bar’s membership.
¶ 22. The trial court, sua sponte, extended Thomas’s time to respond to the motion until December 4, 2007. Thomas’s counsel re-entered the country on December 5, 2007, apparently unaware that the trial court had issued a deadline to respond and had drafted an order of dismissal based on the uncontested motion for summary judgment. Thomas then perfected this appeal.
¶ 28. On appeal, Thomas argues that the trial court made three points of error in granting PIIC’s motion for summary judgment, asserting that: (1) the entry of summary judgment was not appropriate given the fact that the parties were still in pretrial discovery; (2) the entry of summary judgment was an unduly harsh sanction against Thomas and her counsel; and (3) the entry of summary judgment foreclosed the possibility of assessing punitive damages against PIIC. The central claims behind these arguments are that Thomas’s counsel’s failure to contest the motion for summary judgment was excusable neglect, and there is a genuine issue of material fact over which the parties are in dispute.
¶ 24. Upon a motion for summary judgment, the trial judge may assess whether the non-movant is capable of meeting its burden of production of evidence that will support a reasonable inference that will persuade a finder of fact. The official comment to Mississippi Rule of Civil Procedure 56 states in part:
a summary judgment motion is based on the pleadings and any affidavits, depositions, and other forms of evidence relative to the merits of the challenged claim or defense that are available at the time the motion is made. The movant under Rule 56 is asserting that on the basis of the record as it then exists, there is no *581 genuine issue as to any material fact and that he is entitled to a judgment on the merits as a matter of law.
¶ 25. While the non-movant is free not to respond to a motion, it does so at its own peril, especially if the motion is not manifestly frivolous. O’Cain v. Harvey Freeman and Sons, Inc. of Miss., 603 So.2d 824, 829 (Miss.1991). Once the mov-ant has met its burden of producing supporting depositions, answers to interrogatories, admissions on file, and affidavits that make out the prima facie case that it is entitled to judgment as a matter of law, then the non-movant must respond if it is to defeat the motion and, thus, assumes its own burden of production. Webster v. City of D’Iberville City Council, 6 So.3d 448, 450(¶ 7) (Miss.Ct.App.2009). In meeting its burden of production, the non-mov-ant may not simply rest upon “mere allegations or denials” raised in the pleadings. Id. In addition, the evidence presented must be probative and must be more than a “mere scintilla” of evidence. Murphree v. Federal Ins. Co., 707 So.2d 523 (Miss.1997). In determining whether an issue of material fact is genuine, the Court, in effect, is deciding whether the evidence is such that “a reasonable jury could return a verdict for the non-moving party.” Id. at 529 (quoting Bache v. American Tel. & Tel., 840 F.2d 283, 287 (5th Cir.1988)).
¶26. The majority opinion discusses this case on the basis of the de novo standard of review for motions of summary judgment. It notes that a summary judgment may not be appropriate even in the absence of a response by the non-movant if there remains a genuine issue of material fact. The majority concludes that there are several factual issues that remain in dispute: whether Thomas was a permissive user of the vehicle and whether, as the policy requires, she had the reasonable belief that she was an “insured” at the time of the attack. There are also what are probably best described as mixed questions of law and fact, which do not depend on a dispute regarding the actual events but depend on how they apply to Five County’s policy, including the theory that, for the purposes of the insurance policy, Jones was an uninsured motorist and that Thomas is entitled to recover from PIIC. PIIC also disputes whether Thomas could be considered to be an occupant of the vehicle, given that she was ultimately struck by the vehicle. Regardless, the ultimate issue is whether Thomas was a permissive user and, therefore, whether her injuries were covered under the insurance policy.
¶ 27. The majority does not address whether the motion for summary judgment was granted on the basis of Thomas’s counsel’s failure to attend or to give timely notice to the court or the movant of his unavailability. Thomas’s counsel claims that his leaving the country on “emergency business” in West Africa was a clear case of excusable neglect that would justify a reversal of the order granting summary judgment. Thomas claims that the grant of summary was essentially a needless punitive act, given the fact that the trial court dismissed the action with prejudice.
¶28. The rule in Mississippi is that a trial judge may properly grant a motion for summary judgment if the non-movant has untimely filed its supporting affidavits. Richardson v. APAC-Miss., Inc., 631 So.2d 143 (Miss.1994). There, the plaintiff filed her supporting affidavits on the date of the hearing, which was in contravention of the provision in Rule 56(c) that requires all affidavits must be submitted no later than the date of the hearing. Id. at 147. The supreme court, noting that the plaintiff had failed to make a showing that her untimeliness was due to excusable neglect, ruled that the trial judge had properly *582 struck the affidavits and that the entry of summary judgment was proper. Id.
¶ 29. In this case, the only fact that is in dispute, other than the interpretation of the terms of the policy, is whether Thomas had the reasonable belief that she was a permissive user of the company vehicle in question. None of the parties in this dispute disagree as to the events that led to her injury. The only evidence that Thomas has presented so far that supports her contention that she had the reasonable belief that she was a permissive user is her own deposition testimony. PIIC has contradicted this testimony by citing its own policy and Five County’s policy and procedure manual, which it uses to support its argument that Five County’s employees are expressly forbidden from using company vehicles for their own purposes.
¶ 30. In addition, Thomas’s counsel has not made an affirmative showing that his failure to contest the motion for summary judgment was due to excusable neglect. While he has included proof that he was not in the country, he has not shown the necessity of that journey or whether he was largely out of communication with his office until after the passage of the court-ordered deadline to respond to the motion for summary judgment. All that Thomas’s counsel proffers in the way of proof is his representation that the trip was because of a business emergency. Excusable neglect is within the province of the trial court and must be granted for cause shown. In re Will of Smith, 910 So.2d 562, 568(1123) (Miss.2005). Normally, it is granted in circumstances where counsel has shown that the neglect is due to either conflicts in schedule or some pressing personal crisis that has substantially interfered with the ability to represent a client. Thomas’s counsel has not successfully advanced any argument to demonstrate excusable neglect; therefore, I find that he has not presented any legitimate reason for failing to meet his burden of production.
¶ 31. As I conclude that the trial judge was correct to grant summary judgment in favor of PIIC, I would affirm.
MYERS, P.J., AND ISHEE, J., JOIN THIS OPINION.