BARNES, J.,
 

 for the Court:
 

 ¶ 1. Charlotte Moore appeals the circuit court’s grant of summary judgment in favor of M & M Logging, Inc. (M & M). Finding no error, we affirm.
 

 SUMMARY OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. M & M is a logging company located in Weir, Mississippi. John Moore, Charlotte’s husband, is the co-owner and president of M & M. The company occasionally conducts some of its business in a garage located behind the Moores’ residence, which is also located in Weir. On December 29, 2003, John and two other M & M employees had been in the garage for approximately two hours attempting to mount and inflate a truck tire, a normal part of M & M’s business. Charlotte came into the garage to store Christmas decorations from the Moores’ personal residence. Searching for a storage box, Charlotte began to walk to the other side of the garage. She observed that a bubble was forming on the tire; however, before she could warn John, the tire burst and expelled a rush of air, causing Charlotte to fall backwards and sustain injuries.
 

 ¶ 3. On February 2, 2005, Charlotte filed a premises liability claim against M & M seeking damages. M & M, in its answer, denied any negligence on the part of the M & M employees. M & M filed a motion for summary judgment on February 1, 2007, claiming that Charlotte was a licensee; therefore, M & M’s only duty to her was to refrain from willfully or wantonly injuring her. To support its motion, M & M attached an affidavit by John, stating that he and the M & M employees had “followed standard and customary procedures for mounting and inflating tires” and that the M & M employees did not contribute to Charlotte’s accident. Charlotte filed a response to M & M’s motion, attaching a copy of her complaint. The motion for summary judgment was granted by the circuit court on February 27, 2008. Charlotte filed a motion to set aside the summary judgment on March 10, 2008, which the circuit court denied.
 
 [1]
 
 Charlotte now appeals claiming that the circuit court erred in granting summary judgment for M&M.
 

 I. Whether the circuit court erred in granting summary judgment based upon premises liability.
 

 ¶ 4. This Court conducts a de novo review of a circuit court’s grant of summary
 
 *219
 
 judgment.
 
 Riley v. F.A. Richard &
 
 Assocs.,
 
 Inc.,
 
 16 So.3d 708, 715 (¶ 16) (Miss.Ct.App.2009) (citations omitted). If there exists no “genuine issue of material fact,” and the movant “is entitled to judgment as a matter of law,” then summary judgment should be granted in the party’s favor.
 
 Id.
 
 Under Mississippi Rule of Civil Procedure 56(e), the nonmovant “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in [the] rule, must set forth specific facts showing that there is a genuine issue for trial.” Therefore, in order “[t]o withstand summary judgment, the party opposing the motion must present sufficient proof to establish each element of each claim ‘on which he would bear the burden of proof at trial.’ ”
 
 Riley,
 
 16 So.3d at 716 (¶ 17) (quoting
 
 Galloway v. Travelers Ins. Co.,
 
 515 So.2d 678, 684 (Miss.1987)).
 

 ¶ 5. In a premises liability claim, “the duty owed ... by a property owner/occupier is dependent upon the status of the injured person at the time of the accident.”
 
 Gammel v. Tate County Sch. Dist.,
 
 995 So.2d 853, 858 (¶ 15) (Miss.Ct.App.2008) (citing
 
 Albert v. Scott’s Truck Plaza, Inc.,
 
 978 So.2d 1264, 1266 (¶7) (Miss.2008)). There is no factual dispute between the parties that Charlotte was a licensee. “A licensee is a person who ‘enters the property of another for his own convenience, pleasure or benefit pursuant to the license or implied permission of the owner[.]’”
 
 Nunez v. Spino,
 
 14 So.3d 82, 84 (¶ 12) (Miss.Ct.App.2009) (quoting
 
 Thomas v. The Columbia Group, LLC.,
 
 969 So.2d 849, 852 (¶ 12) (Miss.2007)). The duty owed to a licensee by a landowner is “to refrain from willfully or wantonly injuring [him].”
 
 Otts v. Lynn,
 
 955 So.2d 934, 940 (¶ 20) (Miss.Ct.App.2007) (quoting
 
 Massey v. Tingle,
 
 867 So.2d 235, 239 (¶ 14) (Miss.2004)). However, there is an exception to the duty owed to a licensee in “that ordinary reasonable care is required where the landowner engages in active conduct and the plaintiffs presence is known to him.”
 
 Gibson v. Wright,
 
 870 So.2d 1250, 1255 (¶ 13) (Miss.Ct.App.2004) (citation omitted).
 

 ¶ 6. The circuit court, in its granting of summary judgment, held that Charlotte failed to present “any significant probative evidence” that M & M was negligent. However, Charlotte claims on appeal that she showed through her complaint, M & M’s pleadings, her deposition, and John’s affidavit, that there was active conduct on the part of M & M. We find upon our de novo review of the record that the circuit court was correct in its holding. In her response to M & M’s motion for summary judgment, Charlotte neither included any sworn affidavit nor any other evidence to support her allegations. She merely provided a copy of her complaint. As we have already stated, once the party moving for summary judgment has made out a “prima facie case that it is entitled to judgment as a matter of law” by the production of “supporting depositions, answers to interrogatories, admissions on file, and affidavits .... the non-movant must respond if it is to defeat the motion and, thus, assumes its own burden of production.”
 
 Thomas v. Jones,
 
 23 So.3d 575, 581 (¶ 25) (Miss.Ct.App.2009) (citations omitted). The non-movant “may not simply rest upon ‘mere allegations or denials’ raised in the pleadings.”
 
 Id.
 
 (citing
 
 Webster v. City of D’Iberville City Council,
 
 6 So.3d 448, 450 (¶ 7) (Miss.Ct.App.2009)). Rather, “[t]he nonmovant ... bears the burden by affidavit or otherwise of setting forth ‘specific facts showing that there are indeed genuine issues for trial.’ ”
 
 Pride Oil Co. v. Tommy Brooks Oil Co.,
 
 761 So.2d 187, 191 (¶ 10) (Miss.2000) (quoting
 
 Fruchter v. Lynch Oil Co.,
 
 522 So.2d 195, 199 (Miss.1988)). Therefore, we find that Charlotte
 
 *220
 
 failed to support her allegations with any evidence that would raise a genuine issue of material fact.
 

 1Í 7. In
 
 MST, Inc. v. Mississippi Chemical Corp.,
 
 610 So.2d 299, 304 (Miss.1992), the Mississippi Supreme Court held that, since the non-movant, MST, “presented no sworn evidence in opposition to the motion for summary judgment, the trial court correctly took as true the allegations in the affidavits provided by [Mississippi Chemical Corp.], as shown by its findings of fact and conclusions of law.” Similarly, in the present case, M & M supported its motion for summary judgment with sworn evidence demonstrating that there was no genuine issue of material fact that any of the M & M employees willfully or wantonly injured Charlotte, or that the M & M employees were actively negligent in their duties. Like MST, Charlotte did not present any evidence to support her opposition to M & M’s motion for summary judgment. Accordingly, as M & M showed that it was entitled to judgment as a matter of law, we find no error in the circuit court’s granting of the motion for summary judgment.
 

 II. Whether the circuit court’s grant of summary judgment was warranted based solely upon John’s affidavit.
 

 ¶ 8. Charlotte argues that John’s affidavit in support of M & M’s motion for summary judgment was not sufficient as it was conclusory and self-serving. M & M claims that Charlotte waived her right to challenge the sufficiency of John’s affidavit as she neglected to file a motion to strike. If a nonmoving party in a summary judgment action “wishes to attack one or more of the affidavits upon which the motion is based, he must file in the trial court a motion to strike the affidavit.”
 
 Hare v. State,
 
 733 So.2d 277, 285 (1130) (Miss.1999). The failure to do so “constitutes waiver of any objection to the affidavit.”
 
 Continental Ins. Co. v. Transamerica Rental Fin. Corp.,
 
 748 So.2d 725, 731 (¶ 26) (Miss.1999). Although Charlotte addressed the issue of the insufficiency of John’s affidavit in her response to the motion for summary judgment, at no time did she file a motion to strike John’s affidavit. Therefore, we agree that Charlotte waived her right to object on this basis.
 

 ¶ 9. Notwithstanding, we find John’s affidavit to be sufficient to support summary judgment for M
 
 &
 
 M. Under Rule 56(e), “supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein.”
 
 Matthews v. Horseshoe Casino,
 
 919 So.2d 278, 280 (¶ 8) (Miss.Ct.App.2005). However, “[a] conclusory, self-serving affidavit, unsupported by material facts relevant to the proposition at issue, is insufficient as a basis to grant summary judgment.”
 
 Dalton v. Cellular S., Inc.,
 
 20 So.3d 1227, 1233-34 (¶ 14) (Miss.2009).
 

 ¶ 10. John’s affidavit states specific and pertinent facts based upon his personal knowledge of the events that occurred surrounding Charlotte’s injury. His affidavit, states in pertinent part, that:
 

 2. One of [M & M’s] standard business practices is to work on tires and rims in the shop on days where the weather will not permit logging operations.
 

 [[Image here]]
 

 6. Just prior to the incident in question, we had just gotten a tire properly sealed on its rim. At that point, I began to inflate the tire to the appropriate pressure.
 

 [[Image here]]
 

 9. On the day in question, each employee of M & M Logging followed standard and customary procedures for mounting and inflating tires.
 

 
 *221
 
 10. In my experience working with tires, I have seen bubbles form in the sidewall of a tire. However, I have never seen a bubble in a tire cause an injury.
 

 [[Image here]]
 

 12. No employee of M & M Logging caused the bubble to form in the sidewall of the tire on the day in question or contributed in any way to the Plaintiffs accident.
 

 13. No employee intended this accident. No employee of M & M Logging was guilty of willful or wanton conduct toward Charlotte Moore.
 

 Although Charlotte attempts to argue that John was not in the garage for the entire two hours, the record shows that John was present in the garage prior to and during the occurrence of the injury. Further, while the affidavit does contain certain “eonclusory” or “self-serving” statements, it also supports these statements with facts, such as the tire was properly sealed on the rim, the tire was being inflated to the appropriate pressure, and that, while bubbles had been known to form in a sidewall of a tire, John had never seen such a bubble injure anyone. This latter point would be pertinent with respect to whether the actions John took, if he had noticed the bubble, were reasonable under the circumstances. Charlotte has offered no evidence to refute any of these facts. Accordingly, we find no error in the circuit court’s grant of M & M’s motion for summary judgment based upon John’s affidavit.
 

 III. Whether the circuit court abused its discretion by not considering Charlotte’s affidavit attached to her motion to set aside the summary judgment.
 

 ¶ 11. Following the entry of summary judgment, Charlotte filed a motion to set aside the summary judgment pursuant to Mississippi Rule of Civil Procedure 59. We review the denial of a Rule 59 motion “under an abuse of discretion standard.”
 
 Brooks v. Roberts,
 
 882 So.2d 229, 233 (¶ 15) (Miss.2004) (citation omitted).
 

 ¶ 12. The motion included a sworn affidavit by Charlotte, which described alleged admissions that John had made to her regarding the events surrounding her injury. Charlotte contends, on appeal, that the circuit court abused its discretion in failing to consider her affidavit in ruling on her motion. However, the record reflects that M & M contacted Charlotte, alleging that paragraph 6 of her sworn affidavit was patently false. Paragraph 6 stated: “Finally, John Moore has admitted to me that he added information to the affidavit which he sent to a representative of M & M Logging, and the affidavit filed by M & M Logging in support of its Motion for Summary Judgment does not contain such added information.” Charlotte agreed to withdraw paragraph 6 and filed a motion to withdraw the affidavit and to substitute another affidavit that did not contain the paragraph in question. The circuit court granted Charlotte’s motion to withdraw.
 

 ¶ 13. However, Charlotte failed to submit another sworn affidavit; rather, she merely attached an unsigned copy of the substitute affidavit that had been attached to her motion to withdraw. This Court has stated that “[a]n affidavit is ‘a voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths.’ ”
 
 Thomas v. Greenwood Leflore Hosp.,
 
 970 So.2d 273, 277 (¶ 19) (Miss.Ct.App.2007) (quoting Blacks Law Dictionary 58 (7th Edition 1999)). Thus, an affidavit which is not sworn “is merely a piece of paper with the word ‘affidavit’ as its title.”
 
 Id.
 
 Conse
 
 *222
 
 quently, we find that the circuit court’s failure to consider Charlotte’s affidavit was not an abuse of discretion as the unsworn substitute affidavit was insufficient.
 

 ¶ 14. In her motion to set aside, Charlotte also contended that the summary judgment should be set aside pursuant to Mississippi Rule of Civil Procedure 60(b)(6) in order “to prevent manifest injustice.” “Rule 60(b)(6) states that relief may be granted from a final judgment for ‘any other reason justifying relief from judgment,’ which serves as a catch-all exception for relief when equity demands.”
 
 Pratt v. Pratt,
 
 977 So.2d 386, 392 (¶ 17) (Miss.Ct.App.2007) (quoting M.R.C.P. 60(b)(6)). However, there must exist “exceptional or compelling reason to set aside a default judgment in the absence of the other enumerated reasons.”
 
 Am. States Ins. Co. v. Rogillio,
 
 10 So.3d 463, 474 (¶ 29) (Miss.2009) (quoting
 
 Stanford v. Parker, 822
 
 So.2d 886, 891 (¶ 22) (Miss.2002)). This Court has cautioned that “Rule 60(b) should not be used by litigants as ‘an escape hatch’ in cases where the movant has had ‘procedural opportunities afforded under other rules’ yet has failed to pursue said procedural remedies.”
 
 Welch v. Bank One Nat’l. Ass’n,
 
 6 So.3d 435, 438 (¶ 11) (Miss.Ct.App.2009) (quoting
 
 City of Jackson v. Jackson Oaks Ltd. P’ship,
 
 792 So.2d 983, 986 (¶ 5) (Miss.2001)).
 

 ¶ 15. Charlotte, in her response to M
 
 &
 
 M’s motion for summary judgment, failed to submit an affidavit in support of her claims. Further, Charlotte admitted that the sworn affidavit attached to her motion to set aside summary judgment contained alleged admissions made to her by John on the day of the accident; thus, this information was available and known to Charlotte when M & M’s motion for summary judgment was filed. As we have already noted, that affidavit was later withdrawn by Charlotte, and since her substitute affidavit was not sworn testimony, it was not admissible as evidence. Therefore, we find no abuse of discretion in the circuit court’s failure to consider Charlotte’s affidavit in its denial of the motion to set aside the summary judgment.
 

 IV. Whether the circuit court’s denial of Charlotte’s motion to set aside the summary judgment resulted in manifest injustice.
 

 ¶ 16. In its order granting summary judgment, the circuit court ruled that Charlotte’s request was untimely filed according to Rule 3(b) of the Local Rules for the Fifth Circuit Court District. Rule 3(b) states that, if there is no scheduling order filed with the court, all discovery should be completed within ninety days of filing of the answer to the complaint. In her motion to set aside the summary judgment, Charlotte claims that the circuit court’s denial of her request for an order of continuance, pursuant Mississippi Rule of Civil Procedure 56(f), was an abuse of discretion; thus, she argues that the denial of her motion to set aside the judgment resulted in manifest injustice.
 

 ¶ 17. Rule 56(f) of the Mississippi Rules of Civil Procedure states that:
 

 Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just.
 

 “The grant or denial of a continuance under Rule 56(f) is a matter within the trial court’s sound discretion, and the court will only be reversed for an abuse of discretion.”
 
 Maxwell v. Baptist Mem’l Hosp.-
 
 
 *223
 

 DeSoto, Inc.,
 
 15 So.3d 427, 435 (¶ 20) (Miss.Ct.App.2008) (citing
 
 Stallworth v. Sanford,
 
 921 So.2d 340, 342-43 (¶ 9) (Miss.2006)). A circuit court’s denial of a motion for continuance will only be reversed by this Court if it appears that the denial “resulted in manifest injustice.”
 
 APAC Miss., Inc. v. Johnson,
 
 15 So.3d 465, 475 (¶ 21) (Miss.Ct.App.2009) (citing
 
 Jacobs v. State,
 
 870 So.2d 1202, 1205 (¶ 7) (Miss.2004)).
 

 ¶ 18. However, “Rule 56(f) is not designed to protect litigants who are lazy or dilatory.”
 
 Stallworth,
 
 921 So.2d at 343 (¶ 11). Charlotte attempts to argue that it was unjust for the circuit court to invoke Rule 3(b) as a penalty since M & M was equally “lazy or dilatory” in the filing of its motion for summary judgment. Thus, she claims that M
 
 &
 
 M’s motion for summary judgment, which was filed almost two years after the filing of her complaint, should have been denied. Yet, the record shows that there was discovery conducted by M & M, such as requests for Charlotte’s medical records; further, M & M submitted responses to Charlotte’s interrogatories months prior to filing its motion for summary judgment. We recognize that it was necessary for discovery to be conducted cautiously due to the relationship between Charlotte and her husband’s company in order to avoid the appearance of collusion. Nevertheless, we cannot ignore the fact that almost two years passed between the filing of Charlotte’s complaint and the filing of M & M’s motion for summary judgment, affording both parties ample time in which to conduct discovery in this case. Also, any information that Charlotte sought to “discover” was largely available to her immediately after the injury occurred.
 

 ¶ 19. Accordingly, we find no abuse of discretion in the circuit court’s denial of Charlotte’s motion to set aside the summary judgment.
 

 ¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF CHOCTAW COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 . Mississippi Rule of Civil Procedure 59(b) states that all post-trial motions must be filed ten days after the entry of judgment. We note that, in the present case, the tenth day after the entry of summary judgment occurred on a weekend; thus, March 10 was the first business day after this deadline.