FAIR, J.,
for the Court:
¶ 1. After Steven Galle was fired by the Isle of Capri Casino, he brought a suit against it and.various people in its employ, alleging numerous causes of action. The defendants filed a motion for summary judgment contending that Galle could not sustain the suit because he was an at-will employee. The trial court agreed and granted summary judgment on all of Galle’s claims. We conclude that this was error, as it is uncontested that Galle was terminated after reporting to the Mississippi Gaming Commission that the Casino had him managing the poker room without a required license. Moreover, the trial court erred in going beyond the motion for summary judgment to dismiss Galle’s other causes of action.
FACTS
¶ 2. Galle started working in the poker room of the Isle of Capri Casino in December 2005. Galle had some prior experience and, in his own words, was a “natural.” He was quickly promoted, becoming the poker room manager by 2008. However, that position required a “key employee license” from the Mississippi Gaming Commission. Galle was denied the key license because he failed to disclose a 1994 arrest on the license application. Galle could continue to work in the poker room without the key license, but he could not hold a key position; i.e., Galle could no longer be the manager. He was nominally demoted to supervisor.
¶ 3. In early 2011, Galle was issued a new ID badge by the casino that identified his position as “manager.” According to Galle, he brought this to his superiors’ attention, but he was told to wear it anyway, so he did. A few months later, an inspector from the Gaming Commission noticed Galle’s badge. The Commission sent a letter to the casino alleging that Galle was illegally acting as manager and demanding that it remove him from that role. The Casino subsequently fired Galle, for allegedly misrepi-esenting his position.
STANDARD OF REVIEW
¶ 4. ‘We employ a de novo standard of review of a trial court’s grant or denial of summary judgment and examine all the evidentiary matters before it....” Davis v. Hoss, 869 So.2d 397, 401 (¶ 10) (Miss.2004). Summary judgment is proper when “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c).
¶ 5. “The evidence is viewed in the light most favorable to the party opposing the motion.” Davis, 869 So.2d at 401 (¶ 10). “[A]n adverse party may not rest upon the mere allegations or denials of his pleadings, but his response ... must set forth *665 specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e). Furthermore:
[W]hen a party, opposing summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, fails to make a showing sufficient to establish an essential element of the claim or defense, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law.
Galloway v. Travelers Ins. Co., 515 So.2d 678, 684 (Miss.1987).
DISCUSSION
1. Wrongful Termination
¶ 6. Galle filed his complaint pro se, and he has represented himself throughout this litigation. His complaint takes a “kitchen sink” approach to pleading, listing a multitude of often-redundant causes of action. The main thrust appears to be a claim for wrongful termination — Galle contends he was fired to scapegoat him for the failure of his superiors to comply with Mississippi law. Unfortunately, Galle devotes most of his considerable energy trying to frame this as a violation of his constitutional rights or as wrongful state conduct under 42 U.S.C. § 1983. Galle clearly was not a public employee, nor were the defendants state actors or acting under color of law; these lines of authority have no application to his case.
¶7. In response to Galle’s complaint, the defendants filed a motion for summary judgment contending that since it is undisputed that Galle was an at-will employee, he has no cause of action for wrongful termination.
¶8. In Jones v. Fluor Daniel Services Corp., 959 So.2d 1044, 1046-47 (¶ 10) (Miss.2007), the Mississippi Supreme Court laid out the controlling law as follows:
An at-will employment contract may be terminated at any time, by either party to the contract. However, two narrow exceptions exist to this longstanding, common-law rule. Where an employee is terminated because: (1) he or she has refused to participate in an illegal activity, or (2) he or she has reported an illegal activity of the employer to the employer or to anyone else, a suit for wrongful discharge may be maintained despite the at-will status of the employee.
(Citation omitted).
¶ 9. Galle responds by asserting that the casino illegally had him continue to manage the poker room, and he was fired for revealing it to the authorities. Our analysis is complicated because Galle’s complaint and “affidavit” are not sworn. Swearing to or affirming an affidavit is not a mere formality; it is the essence of what makes an affidavit an affidavit. In Sun Vista Inc. v. Mississippi Department of Employment Security, 52 So.3d 1262,1269 (¶28) (Miss.Ct.App.2011), this Court explained:
Black’s Law Dictionary defines an affidavit as “a voluntary declaration of facts written down and sworn to by the de-clarant before an officer authorized to administer oaths, such as a notary public.” Black’s Law Dictionary 62 (8th ed. 2004). This Court has reasoned that an unsworn “affidavit” is “merely a piece of paper with the word ‘affidavit’ as its title.” Thomas v. Greemvood Leflore Hosp., 970 So.2d 273, 277 (¶ 19) (Miss.Ct.App.2007). Thus, a standard form affidavit that is not sworn “cannot create an issue of material fact” for the purposes of summary judgment. Id.
¶ 10. However, the record does contains a letter from the director of the investiga *666 tions division of the Mississippi Gaming Commission to the general manager of the Isle of Capri Casino Resort — Biloxi, stating, in relevant part, as follows:
You were notified in a letter dated September 15, 2009, by my predecessor, Brad Hetherington, that Mr. Steven Edward Galle is ineligible to receive a Key License from our agency. In that same letter, Mr. Hetherington specifically told you to remove him immediately from any position requiring a Key License, in his case the position of Poker Room Manager.
Despite your being directly informed of this nearly two years ago, Mr. Galle is still employed in the position of Poker Room Manager based on the following circumstances:
• His name tag displays his title as “Poker Room Mgr.”
• He informed our enforcement agents oh June 23, 2011, that he would characterize his position as “Head Lead” for the day shift, with [another employee] as “Head Lead” for the night shift, even though he is listed as “Poker Supervisor” and she is listed as “Dealer/Dual Rate” on your.casino’s “Annual Employee Report.” He further stated that there was no “Poker Room Manager” position.
• He is the only employee on the roster for poker employees to be listed as receiving a salary, rather than simply full time or part time.
• During another visit by one of our enforcement agents on June 23, 2011, we were provided with a time sheet- on which he and Ms. Perry are both listed as “Management.”
• On this second visit he also informed the agent that he was “Poker Room Manager.”
• He was, in fact, managing the poker room during the time our enforcement agents inspected it.
Reports you provided to the Commission as recently as last week seem to indicate . a willful attempt to subvert the regulatory process by misleadingly characterizing Mr. Galle as being employed in a position other than what he .really is, “Poker Room Manager.”
Effective immediately, you are to remove Mr. Galle from any position requiring a Key License. We will periodically perform unannounced inspections to ensure your casino is in compliance with this requirement. Failure to comply, hindering any of our investigations or inspections, or providing any more inaccuracies in your reports will result in our recommending disciplinary action to the full Commission, pursuant to our ■ authority under the Mississippi Gaming Control Act and Mississippi Gaming Regulations.
¶ 11. When an at-will employee is fired for reporting an illegal activity of the employer, he has a cause of action for wrongful termination. Jones, 959 So.2d at 1046-47 (¶ 10). The defendants admit that Galle was fired for representing himself as the poker room manager to the gaming inspectors — according to defendants, falsely. However, the letter suggests otherwise— that the casino did, in fact, illegally have Galle managing the poker room and that he was fired for admitting it to inspectors. The letter is hearsay, but the defendants have never objected to it for that reason (or any other); in fact, in their brief on appeal they concede its authenticity and cite to it for facts favorable to their position. The defendants even include the letter in their record excerpts. We recognize *667 that waiver of the evidentiary objection is not necessarily dispositive. See Karpinsky v. American Nat’l Ins. Co., 109 So.3d 84, 91-92 (¶¶ 20-24) (Miss.2013). But since the letter is at leasParguably admissible, for the truth of the matters asserted, as a hearsay exception for public records under Mississippi Rule of Evidence 803(8), and the defendants did not merely waive objection but have admitted its authenticity and endorsed and used the letter themselves, we can see no reason it should not be considered as substantive evidence for the purposes of summary judgment.
¶ 12. We conclude that there is a genuine issue of material fact as to whether Galle was fired for reporting his illegally managing the poker room, and so we reverse the grant of summary judgment on Galle’s wrongful termination claims.
2. Remaining Claims
¶ 13. The defendants’ motion for summary judgment contended only that they were entitled to summary judgment because Galle was an at-will employee. The trial court recognized that Galle alleged other causes of action, specifically defamation and intentional infliction of emotional distress, to which his status as an at-will employee is not outcome-determinative. The trial court found that Galle had failed to produce any evidence to support these other claims and granted summary judgment on them as well. In their brief on appeal,' the defendants admit Galle pled these causes of action, but they defend the trial court’s reasoning for granting summary judgment.
¶14. While it is true Galle did not produce evidence to ■ support his other claims, he was not required to-do so. In Byrd v. Woods, 90 So.3d 666, 671 (¶ 23) (Miss.Ct.App.2012), this Court held: “[A] a court errs in granting summary judgment sua sponte on an issue not raised in the moving party’s motion for summary judgment. The opposing party .is entitled to notice and an ■ opportunity to respond.” (Citations omitted); .see also M.R.C.P. 54(e). Summary judgment cannot be granted on grounds not raised and properly supported in the summary judgment motion; the plaintiff is only required to produce evidence after the defendant has made a prima facie showing that it is entitled to summary judgment. Moore v. M & M Logging Inc., 51 So.3d 216, 219 (¶ 6) (Miss.Ct.App.2010). ‘ We reverse the summary judgment on Galle’s remaining claims.'
¶15. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND JAMES, JJ., CONCUR. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.