# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CT-00024-SCT

*STEVEN EDWARD GALLE*

*v.*

*ISLE OF CAPRI CASINOS, INC.; RIVERBOAT CORPORATION OF MISSISSIPPI a/k/a ISLE OF CAPRI CASINO-HOTEL BILOXI a/k/a DIVISION AND PROPERTY OF ISLE OF CAPRI CASINOS, INC.; JAMES B. PERRY, AS CHAIRMAN OF THE BOARD AND CHIEF EXECUTIVE OFFICER, ISLE OF CAPRI CASINOS, INC., AND JAMES B. PERRY, INDIVIDUALLY; VIRGINIA McDOWELL, AS PRESIDENT AND CHIEF EXECUTIVE OFFICER, ISLE OF CAPRI CASINOS, INC., AND VIRGINIA McDOWELL, INDIVIDUALLY; LYNN BANKS, AS CORPORATE DIRECTOR OF HUMAN RESOURCES, ISLE OF CAPRI CASINOS, INC., AND LYNN BANKS, INDIVIDUALLY; DOUG SHIPLEY, AS GENERAL MANAGER OF RIVERBOAT CORPORATION OF MISSISSIPPI a/k/a ISLE CASINO-HOTEL BILOXI a/k/a DIVISION AND PROPERTY OF ISLE OF CAPRI CASINOS, INC., AND DOUG SHIPLEY, INDIVIDUALLY; MICHAEL (MIKE) CRAY, AS DIRECTOR OF CASINO OPERATIONS, RIVERBOAT CORPORATION OF MISSISSIPPI a/k/a ISLE CASINO-HOTEL BILOXI a/k/a DIVISION AND PROPERTY OF ISLE OF CAPRI CASINOS, INC., AND MICHAEL (MIKE) CRAY, INDIVIDUALLY; AND BELL KESSLER, AS SENIOR DIRECTOR OF HUMAN RESOURCES, RIVERBOAT CORPORATION OF MISSISSIPPI a/k/a ISLE CASINO-HOTEL BILOXI a/k/a DIVISION AND PROPERTY OF ISLE OF CAPRI CASINOS, INC., AND BELL KESSLER, INDIVIDUALLY*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/30/2012 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS, JR. |
| TRIAL COURT ATTORNEYS: | STEVEN EDWARD GALLE (PRO SE) |
| | MICHAEL F. CAVANAUGH |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | STEVEN EDWARD GALLE (PRO SE) |
| ATTORNEYS FOR APPELLEES: | FRED L. BANKS, JR. |
| | LATOYA CHEREE MERRITT |
| | GREGORY TODD BUTLER |
| | MICHAEL F. CAVANAUGH |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED IN PART, REVERSED IN PART, AND THE CASE IS REMANDED - 07/02/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     A former employee who claims he was discharged for reporting his employer's illegal activity seeks to bring a wrongful-discharge claim under a public-policy exception to his at-will employment status.  Because the former employee participated in the allegedly illegal activity, we hold that he may not do so, and we affirm summary judgment on his wrongful-discharge claim.

**FACTS AND PROCEDURAL HISTORY**

¶2.     In December 2005, Steven Edward Galle began working in the poker room at Isle of Capri Casino, Inc., in Biloxi, Mississippi, as an at-will employee.  In 2008, Isle of Capri

promoted him to "poker room manager," a "Key Position" requiring a "Key Employee License" from the Mississippi Gaming Commission.[1]

¶3.     When Galle applied for a Key Employee License, he failed to disclose a 1994 burglary arrest in his application, and the Gaming Commission denied his application because of this oversight.  Although Galle could not hold a "Key Position" in the poker room, he still could work as a poker dealer or supervisor, so Isle of Capri demoted him to poker room supervisor.

¶4.     Isle of Capri later changed its logos and issued new employee identification badges. Although Galle's previous badge had indicated he was a supervisor, he was issued a new badge indicating that he was the "poker room manager."  Galle told his supervisors that his badge incorrectly identified him as the poker room manager, but his immediate supervisors told him to wear the badge anyway, so he took no further steps to get a new badge, and he wore both badges, one identifying him as the supervisor, and the other as the poker room manager.

¶5.     Gaming Commission enforcement agents noticed the badge that identified Galle as poker room manager and asked him about it.  On one occasion, he told the agents that there was no poker room manager, but on another, he admitted he was the poker room manager. The agents reviewed Isle of Capri's employment records and determined that Galle was indeed acting as the poker room manager, so the Gaming Commission sent Isle of Capri a

---

[1] *See* Miss. Gaming Comm'n Regulations, Title 13, Part 2, Rule 1.3, *available at* http://www.msgamingcommission.com/images/uploads/MGCRegs4.21.15.pdf (last visited June 26, 2015) ("Any executive, employee, or agent of a gaming licensee having power to exercise a significant influence over decisions concerning any part of the operation of a gaming licensee or who is listed . . . may be required to hold a Key Employee License.").

letter stating: "Effective immediately, you are to remove Mr. Galle from any position requiring a Key License." A month later, Isle of Capri fired Galle for "[f]ailure to execute a directive from gaming in an effective manner."

¶6. Galle sued Isle of Capri and a litany of other employees and officials,[2] alleging that Isle of Capri and its employees violated his constitutional rights, intentionally inflicted emotional distress, and "unjustly terminat[ed] [him] from his job." Isle of Capri and the other named defendants who were successfully served with process responded with a motion for summary judgment on Galle's wrongful-discharge claim, arguing that Galle was an at-will employee and that he could be fired for any reason. The defendants did not request summary judgment on Galle's claims for alleged constitutional rights violations or intentional infliction of emotional distress.

¶7. After holding a hearing on the defendants' motion for summary judgment, the circuit judge summarily dismissed all of Galle's claims. The circuit judge recognized the two narrow public-policy exceptions to the at-will-employment doctrine but found that the "[p]laintiff has not provided any evidence whatsoever that either of those two exceptions exist." The circuit court also found "that [p]laintiff has produced no credible evidence to

---

[2] Galle sued (1) Isle of Capri Casinos, Inc.; (2) Isle Casino-Hotel, Biloxi Division of Isle of Capri Casinos, Inc.; (3) James B. Perry, Chairman of the Board and Chief Executive Officer of Isle of Capri Casinos, Inc.; (4) Virginia McDowell, President and Chief Executive Officer of Isle of Capri Casinos, Inc.; (5) Lynn Banks, Corporate Director of Human Resources of Isle of Capri Casinos, Inc.; (6) John Doe 1 Employee; (7) John Doe 2 Employee; (8) Doug Shipley, General Manager of Isle Casino-Hotel Biloxi; (9) Bell Kessler, Senior Director of Human Resources of Isle Casino-Hotel Biloxi; and (10) Michael Cray, who has never been served with process.

begin to prove an intentional tort, including conspiracy and/or intentional infliction of emotional distress."

¶8.     Galle appealed, and the Court of Appeals reversed the circuit court's grant of summary judgment, concluding—as to his wrongful-discharge claim—"that there is a genuine issue of material fact as to whether Galle was fired for reporting his illegally managing the poker room,"[3] and—as for his other claims—that "[s]ummary judgment cannot be granted on grounds not raised and properly supported in the summary judgment motion . . . ."[4] The Court of Appeals added that "the plaintiff is only required to produce evidence after the defendant has made a prima facie showing that it is entitled to summary judgment."[5]

¶9.     The defendants then moved for rehearing in the Court of Appeals, and after their motion was denied, timely filed a Petition for Writ of Certiorari in this Court, which we granted.

## ANALYSIS

¶10.    Isle of Capri does not challenge the Court of Appeals' decision reversing the circuit court's *sua sponte* grant of summary judgment on Galle's constitutional rights violations and intentional infliction of emotional distress claims.  Instead, Isle of Capri urges that the Court of Appeals' reversal of summary judgment on Galle's claim of wrongful discharge must be

---

[3] *Galle v. Isle of Capri Casinos, Inc.*, 2013-CP-00024-COA, 2014 WL 4067185, at *4 (Miss. Ct. App. Aug. 19, 2014).

[4] *Id.* (citing *Moore v. M & M Logging Inc.*, 51 So. 3d 216, 219 (Miss. Ct. App. 2010)).

[5] *Id.* (citing *Moore*, 51 So. 3d at 219).

5

reversed on three independent grounds, because: (1) Galle did not report "criminally" illegal conduct, (2) Galle was a willing participant in the allegedly illegal conduct he reported, and (3) Galle did not report conduct "*because* it was illegal." The Mississippi Defense Lawyers Association in its amicus curiae brief echoes these arguments. Galle argues that the Court of Appeals properly reversed the circuit court.

¶11. We find that Galle's willing participation in illegal activity, which he failed to report before the Gaming Commission discovered it, bars him from bringing a *McArn* wrongful-discharge claim.[6] Because this issue is dispositve, we need not address Isle of Capri's other arguments.

¶12. This Court reviews a circuit court's grant of a motion for summary judgment *de novo*, and we view all facts in the light most favorable to the party opposing the motion when determining if the moving party is entitled to summary judgment.[7]

¶13. In Mississippi—when there is no written employment contract—the employment relationship is at-will, which means that "an employee may be discharged at the employer's will for good reason, bad reason, or no reason at all, excepting only reasons independently declared legally impermissible."[8] But in *McArn*, this Court recognized "two independent-

---

[6] *McArn v. Allied Bruce-Terminix Co., Inc.*, 626 So. 2d 603, 607 (Miss. 1993).

[7] *Conrod v. Holder*, 825 So. 2d 16, 18 (Miss. 2002) (citing *Daniels v. GNB, Inc.*, 629 So. 2d 595, 599 (Miss. 1993)).

[8] *Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 986 (Miss. 2004) (quoting *Shaw v. Burchfield*, 481 So. 2d 247, 253-54 (Miss. 1985)).

6

tort actions based on 'a narrow public policy exception to the employment at will doctrine.'"[9]

We recently clarified that "[a] *McArn* claim alleging wrongful discharge in violation of public policy is based on an employer's duty not to thwart the public interest by terminating employees for speaking the truth."[10]

¶14. In this case, the undisputed facts clearly establish that Galle was a willing participant in Isle of Capri's allegedly illegal scheme for him to manage the poker room without a Key Employee License. Although Galle told his superiors that his name badge identified him as the poker room manager and that he was ineligible to hold a Key Employee License, he willingly abided by Isle of Capri's instructions to manage the poker room anyway. Galle did not make any reports of this allegedly illegal activity before the Gaming Commission discovered that Galle was managing the poker room without a Key Employee License. Galle's willing participation in Isle of Capri's allegedly illegal activity precludes him from making a claim under *McArn* for wrongful discharge in violation of public policy.

¶15. As the Supreme Court of Colorado stated when addressing its own public-policy exception to the employment-at-will doctrine:

> The public policy exception protects an employee from being forced to choose between committing a crime and losing his or her job. If an employee commits a series of crimes and only points the finger at his employer *after* he has been fired, then there is no public policy rationale that supports the expansion to the general rule that an employer may discharge an at-will employee without liability. An at-will employee who participates in a criminal enterprise and does nothing to blow the whistle on this criminal enterprise does not gain

---

[9] *Cmty. Care Ctr. of Aberdeen v. Barrentine*, 160 So. 3d 216, 218 (Miss. 2015) (quoting *McArn*, 626 So. 2d at 607).

[10] *Barrentine*, 160 So. 3d at 220 (citing *McArn*, 626 So. 2d at 607).

special protection from discharge simply because the employer was also a complicitor in the crimes committed.[11]

¶16.    We agree with this reasoning and find that it comports perfectly with our own narrow exceptions to the employment-at-will doctrine. *McArn* protects employees who blow the whistle on allegedly illegal schemes, so long as they are not willing participants.[12]

¶17.    We find no public-policy reason to allow an employee who willingly participated in an illegal scheme and who blew the whistle only after the illegal scheme was revealed, to claim the *McArn* exceptions to the employment-at-will doctrine.[13]  Because Galle is an at-will employee and because his claim does not fall within *McArn*'s narrow public-policy exceptions to the employment-at-will doctrine, Galle has failed to state a legally cognizable claim for wrongful discharge in violation of public policy.

¶18.    Absent the narrow public-policy exceptions announced in *McArn* or prohibitions contained in federal or state law, an employer may fire an at-will employee for any reason

---

[11] *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 667 (Colo. 1999) (internal footnotes omitted).

[12] *See Barrentine*, 160 So. 3d at 220 (citing *McArn*, 626 So. 2d at 607) ("A *McArn* claim alleging wrongful discharge in violation of public policy is based on an employer's duty not to thwart the public interest by terminating employees for speaking the truth.").

[13] *See Lowenburg v. Klein*, 125 Miss. 284, 87 So. 653, 654 (1921) (quoting 9 Cyc. of Law, 546):

> "No principle of law is better settled than that a party to an illegal contract cannot come into a court of law and ask to have his illegal objects carried out; nor can he set up a case in which he must necessarily disclose an illegal purpose as the groundwork of his claim.  The rule is expressed in the maxim, 'Ex dolo malo non oritur actio,' and in 'In pari delicto potior est conditio defendentis.'  The law, in short, will not aid either party to an illegal agreement; it leaves the parties where it finds them."

8

or no reason at all.[14] Here, Isle of Capri was free to fire Galle for "[f]ailure to execute a directive from gaming in an effective manner," even though Galle may have been acting in conformity with Isle of Capri's prior directive to manage the poker room without a Key Employee License.

## CONCLUSION

¶19. We reverse the Court of Appeals' decision reversing summary judgment on Galle's wrongful-discharge claim, and we affirm its decision reversing the circuit court's *sua sponte* grant of summary judgment on Galle's other claims. We affirm the circuit court's grant of summary judgment in favor of Isle of Capri on Galle's wrongful-discharge claim, but we reverse the circuit court's *sua sponte* grant of summary judgment on Galle's other claims and we remand this case for further proceedings consistent with this opinion.

¶20. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED IN PART. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS AFFIRMED IN PART, REVERSED IN PART, AND THE CASE IS REMANDED.**

**WALLER, C.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR. RANDOLPH, P.J., SPECIALLY CONCURS WITHOUT SEPARATE WRITTEN OPINION.**

---

[14] *Harris*, 873 So. 2d at 986.