GREENLEE, J.,
FOR THE COURT:
¶ 1. This is an appeal from Forrest County Circuit Court where former municipal judge Vanessa Jones filed suit against the City of Hattiesburg (City) and other unknown defendants asserting that she was wrongfully terminated and that unknown city officials, in their official capacities, committed slander, menace, outrage, and intentional infliction of emotional dis *818 tress against her. The circuit court granted summary. judgment to the City. Because Jones was.an at-will employee, and because the Mississippi Tort Claims Act (MTCA) provides immunity to the City for the alleged offenses, we affirm,
FACTS AND PROCEEDINGS BELOW
¶ 2. In June 2003, Jones was appointed along with two others as a municipal-court judge for Hattiesburg on a part-time basis. After receiving complaints and reports of misconduct within the municipal-court system, the City conducted an internal investigation. After the investigation was concluded, Mayor Johnny Dupree (Mayor) chose to reorganize the municipal-court system to have one full-time municipal judge, rather than the three-part-time-judge system. Under this reorganization, the three part-time municipal-judge positions, including Jones’s, were eliminated. Subsequently, Jones filed a complaint on September 6, 2013, asserting slander, defamation, intentional infliction of emotional distress, menace, outrage, and wrongful termination. The City answered, asserting that Jones was an at-will employee, thus barring her wrongful-termination claim, and that it was immune from her other claims under the MTCA, along with other defenses,
¶ 3. ■ On ' January 21, 2014, the City moved for summary judgment, The City asserted that Jones’s claim for wrongful termination was barred due to her at-will-employment status. Further, the City moved for dismissal of Jones’s remaining claims asserting that Jones, concerning her claims of slander, menace, outrage, and intentional infliction of emotional distress, failed to identify the' person who purportedly communicated such statements, when they were communicated, or the context of the statements, or to offer any evidence of malice. Jones responded by pointing to the City’s employment handbook and asserting that it established a contractual right of employment for her with the City, and that the City failed to follow its grievance procedure provided in the handbook. On June 4, 2014, the circuit court held a hearing on the City’s motion for summary judgment. On May 19, 2015, the circuit court granted summary judgment for the City based on its motion. On June 12, 2015, Jones appealed the circuit court’s grant of summary judgment to this Court.
DISCUSSION
¶ 4. A grant or denial of summary judgment is reviewed de novo, considering all the evidence in the light most favorable to the nonmoving party. Smith ex rel. Smith v. Leake Cty. Sch. Dist., 195 So.3d 771, 774 (¶ 8) (Miss. 2016). Though she asserts five separate issues, Jones’s appeal boils down to two: (1) whether she was wrongfully terminated, and (2) whether she has a viable claim against the City for defamation, intentional infliction of emotional distress, menace and outrage, or slander. We affirm the judgment of dismissal of the circuit court.
I. Employment
¶ 5. Jones argues that she is not an at-will employee or, in the alternative, that the City’s employee handbook controls the City over her employment, thus entitling her to the procedures and relief provided within it. However, Mississippi Code Annotated sections 21-3-3 and 21-3-5 state that an appointed municipal judge holds her office at the pleasure of the governing authorities and may be discharged by such authorities at any time, either with or without cause. Miss. Code Ann. §§ 21-3-3, 21-3-5 (Rev. 2015). An employee who may be terminated by the employer, with or without cause, is an at *819 will employee. Galle v. Isle of Capri Casinos Inc., 180 So.3d 619, 622 (¶ 13) (Miss. 2015). Thus, because Jones was an appointed municipal judge, she was an at-will employee. The Mayor was entitled to terminate her with or without cause at any time. Thus, this issue is without merit.
¶ 6. In the alternative, Jones argues that the City’s employee handbook controls over her employment with the City regarding discharge and grievance procedures. The handbook, in its introduction, states that nothing in the handbook implies or assures employment or creates an employment contract. The Mississippi Supreme Court has held that a handbook with a disclaimer such as the one at issue here does not alter the at-will status of the employment relationship. Hartle v. Packard Elec., 626 So.2d 106, 109-10 (Miss. 1993). Thus, this issue is without merit.
II. Jones’s Other Claims
¶7. Jones also asserts defamation, slander, and intentional-infliction-of-emotional-distress claims.[1] In a defamation action brought by a public figure, like a judge, the plaintiff must also prove that the defendant acted with actual malice. Franklin v. Thompson, 722 So.2d 688, 692 (¶ 12) (Miss. 1998). The MTCA states that “a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee’s conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations.” Miss. Code Ann. § 11-46-5 (Rev. 2012). Thus, the City is immune from Jones’s defamation and slander claims under the MTCA. This leaves Jones’s intentional-infliction-of-emotional-distress claim for us to address.
¶ 8. A claim for intentional infliction of emotional distress requires that (i) the defendant acted willfully or wantonly toward the plaintiff by committing certain described actions; (2) the defendant’s acts are ones that evoke outrage or revulsion in civilized society; (3) the acts were directed at, or intended to cause harm to, the plaintiff; (4) the plaintiff suffered severe emotional distress as a direct result of the acts of the defendant; and (5) such resulting emotional distress was foreseeable from the’ intentiohal acts' of the defendant. Rainer v. Wal-Mart Assocs. Inc., 119 So.3d 398, 403-04 (¶ 19) (Miss. Ct. App. 2013) (citing J.R. ex rel. R.R. v. Malley, 62 So.3d 902, 906-07 (¶ 15) (Miss. 2011)). The standard for an intentional-infliction-of-emotional-distress claim is whether the defendant’s behavior is malicious, intentional, willful, wanton, grossly careless, indifferent, or reckless. Little v. Collier, 759 So.2d 454, 457 (¶ 13) (Miss. Ct. App. 2000) (citing Morrison v. Means, 680 So.2d 803, 806 (Miss. 1996)).
¶ 9. Given that Jones asserts her intentional-infliction-of-emotional-distress claim arises out of the same acts as her defamation claim, and she asserts the City’s actions were malicious for purposes of her defamation claim, we find that Jones’s intentional-infliction-of-emotional-distress claim must be based on malicious conduct. Because the MTCA provides that a governmental entity is 'not liable for any conduct of its employees that constitutes malice, and Jones’s claim is based on purportedly malicious conduct, it is barred by the MTCA. See Idom v. Natchez-Adams *820 Sch. Dist., 115 F.Supp.3d 792, 804 (S.D. Miss. 2015); see also City of Jackson v. Powell, 917 So.2d 59, 73 (¶ 50) (Miss. 2005). Thus, this issue is without merit.
¶ 10. Notwithstanding the City’s immunity, even if the City were not shielded from liability by the MTCA, Jones’s complaint still failed because she did not plead with any particularity the claims she asserted. Jones never stated the specific person or persons who purportedly defamed, slandered, or intentionally inflicted emotional distress upon her, nor did she state with any specificity when, where, or how the act took place. Such a complaint fails to meet the pleading requirements set out in Mississippi Rule of Civil Procedure 8 and, as this Court has noted before, must be dismissed for failure to state a claim upon which relief can be granted. See Chalk v. Bertholf, 980 So.2d 290, 298-99 (¶¶ 18-19) (Miss. Ct. App. 2007); M.R.C.P. 8.
CONCLUSION
¶ 11. We affirm the circuit court’s grant of summary judgment for the City.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE AND CARLTON, JJ.,'CONCUR. IRVING, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. FAIR AND WESTBROOKS, JJ., NOT PARTICIPATING.

. Jones also asserts claims for menace and outrage. Menace and outrage are tantamount to intentional infliction of emotional distress. For outrage, see Buchanan v. Gulfport Police Dep't, 530 Fed.Appx. 307, 311-12 (5th Cir. 2013); for menace, see Guthrie v. J.C. Penney Co., 803 F.2d. 202, 210-11 (5th Cir. 1986). Thus, we address Jones’s menace and outrage claims in our discussion of her intentional-infliction-of-eniotional-distress claim.